# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00276-MR
## [Criminal Case No. 1:07-cr-00032-MR-4)

| | |
|---|---|
| DARIAN KENDALL ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on an initial review of a motion filed by Petitioner which has been docketed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, Petitioner's Motion will be dismissed as an unauthorized, successive motion under Section 2255.

## I.     PROCEDURAL BACKGROUND

On July 9, 2007, Petitioner entered a plea of guilty to one count of conspiracy to possess with intent to distribute cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [1:07cr32, Doc. 79: Plea Agreement; Doc. 80: Acceptance and Entry of Guilty Plea]. On July 1, 2008, Petitioner appeared with counsel and the Court accepted Petitioner's

plea of guilty after finding that there was a factual basis to support the charge. Petitioner was then sentenced to 276 months' imprisonment. [Id., Doc. 170: Judgment in a Criminal Case at 2].

Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), yet he challenged whether the Rule 11 hearing was properly administered and whether Petitioner received an appropriate sentence. Petitioner filed a pro se supplemental brief. United States v. Robinson, 337 F. App'x 360, 361 (4th Cir. 2009) (unpublished).

The Court of Appeals found that Petitioner's Rule 11 argument was without merit. The Court also rejected Petitioner's argument regarding sentencing, concluding that the district court had not "engaged in impermissible double counting by using a prior conviction both to raise the statutory minimum sentence from 10 years' imprisonment to twenty years' imprisonment pursuant to 21 U.S.C.A. § 841(b) (internal citation omitted), and 21 U.S.C. § 851 (2006), and to classify Robinson as a career offender." Id. at 361.

The Court of Appeals then went on to consider and reject Petitioner's argument, which was raised at the sentencing hearing, that the district court improperly relied on certain 1990 convictions in determining whether Petitioner qualified as a career offender under U.S.S.G. § 4B1.1(a). Id. Finally, the Court concluded that the district court had properly explained its reasons for the sentence imposed on Petitioner. On July 6, 2009, the Court entered its order affirming Petitioner's conviction and sentence in all respects. Id.

On December 28, 2009, Petitioner filed a Section 2255 motion raising various grounds of ineffective assistance of counsel. Petitioner first argued that his counsel was ineffective for failing to advocate that he was not a career offender. The Court denied this argument after concluding that the Fourth Circuit had already decided that the district court properly considered his 1990 convictions in determining that Petitioner qualified as a career offender. [1:09cv473, Doc. 8 at 7-8]. The Court also considered and rejected Petitioner's argument that his trial counsel was ineffective for failing to consult with him about his appeal. This argument, the Court found, was simply not supported by the record, as his trial counsel demonstrated that his notice of appeal was timely filed and he followed up

with the Fourth Circuit to ensure that Petitioner had been appointed appellate counsel. [Id. at 9-10].

In his initial §2255 Motion, the Petitioner also argued that his trial counsel was ineffective for failing to request a downward departure based on the overrepresentation of his criminal history in his presentence report ("PSR"). The Court concluded that his trial counsel was not ineffective on this point because Petitioner's criminal history category was well supported by his many serious drug convictions dating back to at least 1989. This argument was denied and dismissed. [Id. at 10-11]. Petitioner's remaining ineffective assistance of counsel claims, which are not relevant to the present inquiry, were denied and dismissed, and the Court declined to issue a certificate of appealability. Petitioner appealed the denial to the Fourth Circuit and the appeal was dismissed. Robinson v. United States, F. App'x 244 (4th Cir. July 6, 2011) (unpublished).

Petitioner returns to this Court with what he styles as a motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure. [1:12cv276, Doc. 1].

**II.    DISCUSSION**

As noted, Petitioner has already filed a Section 2255 motion which was denied and dismissed by the Court and his appeal was dismissed on

July 6, 2011. The Court must now decide whether this latest motion is an unauthorized, successive petition. If it is, then the Court is without jurisdiction to hear it and it must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996, or "AEDPA" provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit. While Petitioner characterizes his latest filing as a Rule 60 motion, it is not that simple. If Petitioner's motion is in fact a Section 2255 motion this Court is without subject matter jurisdiction to entertain the arguments raised therein,

5

regardless of how it may be styled.  See United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003), cert. denied, 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003).

In his motion, Petitioner argues that the trial court mistakenly construed Petitioner's argument in his first Section 2255 motion regarding his status as a career offender as being the same argument decided against him by the Fourth Circuit.  [1:12cv276, Doc. 1 at 3].  Petitioner contends that because his "[R]ule 60 motion [ ] attacks not the substance of the court's resolution of a claim, but some defect in the integrity of the federal habeas proceedings, this petition should not be treated as a successive petition."  [Id. at 4].  This argument is without merit.

Petitioner asserts that the district court erred in applying the law of the case doctrine in denying a claim which the Court found had been decided by the Fourth Circuit, whether impliedly or expressly.  Petitioner appealed the Court's denial and dismissal of his first Section 2255 motion, and the Fourth Circuit dismissed his appeal.  In fact, Petitioner plainly states that he is in fact seeking relief from the resolution of his claims by the Court in his first Section 2255: "Petitioner, moves this court, pursuant to [Rule] 60(b)(1), for an order to be relieved of this court's order entered in

6

this action on December 28, 2010, and for leave to resubmit the previously filed § 2255 issue." [1:12cv276, Doc. 1 at 9]. This is clearly an unauthorized successive §2255 petition simply labeled as a Rule 60 motion.

Petitioner's sole argument is that he is "actually innocent" of being a career offender. Petitioner's challenge to his status as a career offender has been rejected, first by the trial court at his sentencing hearing; second, by the Fourth Circuit on appeal; and finally by this Court in its Order denying and dismissing his Section 2255 motion. See, e.g., Robinson, 337 F. App'x at 361 (rejecting Petitioner's arguments regarding the calculation of his status as a career offender); [1:09-cv-473, Doc. 8: Order at 8-9, 11-13 (rejecting arguments challenging his status as a career offender, including discussion of the qualifying nature of the prior criminal convictions detailed in Petitioner's PSR)].

"The ultimate question here is whether [the Defendant's] motion for [relief from judgment] should [be] treated as a successive collateral review application." Winestock, 340 F.3d at 203. "In order for these limitations [on successive applications] to be effective, courts must not allow prisoners to

7

Case 1:12-cv-00276-MR   Document 2   Filed 01/16/13   Page 7 of 10

circumvent them by attaching labels other than 'successive application' to their pleadings." Id.

The holding in Winestock

> raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam). There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Petitioner's argument makes clear that he is seeking to have decided, for the fourth time now, the question of whether he qualified as a career offender. "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." Winestock, 340 F.3d at 207 (quoting Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 870 (4th Cir. 1999)).

As the Court has found, Petitioner is seeking to again to argue the propriety of his career offender status and this is nothing short of an attack on his sentence. As this question has been decided against him on three

occasions, the Court finds that his latest motion is an unauthorized, successive petition and as such the Court is without jurisdiction to again consider this argument.

The Court declines to issue a certificate of appealability on the claims which are dismissed as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-1041, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that a dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DISMISSED** as an unauthorized, successive petition pursuant to 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 15, 2013

Martin Reidinger
United States District Judge